UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Marion HealthCare, LLC,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>Southern Illinois Healthcare, and   )<br>Health Care Service Corporation, d/b/a   )<br>BlueCross and BlueShield of Illinois,   )<br>)<br>Defendants.   ) | Case No:  12-CV-00871-WDS-PMF<br><br>Judge William D. Stiehl<br><br>Magistrate Judge Frazier |

**HEALTH CARE SERVICE CORPORATION'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

Dated:  January 22, 2013

Helen E. Witt, P.C.
James H. Mutchnik, P.C.
Scott M. Edenfield
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Fax:  (312) 862-2200

*Attorneys for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company*

# INTRODUCTION

Notwithstanding close to 40 pages of argument in opposition to Defendants' motions to dismiss, one fact remains: Plaintiff has not pled, and cannot plead, all required elements for each of its claims against BlueCross and BlueShield of Illinois ("BCBSIL"). Failure to do so is fatal and requires dismissal of Plaintiff's complaint against BCBSIL.[1]

# ARGUMENT

## I. PLAINTIFF HAS NOT PLED, AND CANNOT PLEAD, THAT BCBSIL HAS MARKET POWER IN THE TYING PRODUCT.

Plaintiff struggles unsuccessfully to satisfy the required elements for tying as to BCBSIL by trying to position BCBSIL as both a coerced and a dominant party at the same time. (*See* Opp. at 30 [Dkt. 29] (BCBSIL "is a coerced party . . . with either monopsony or market power . . . .").) To do so, Plaintiff steps outside of its defined relevant markets — inpatient medical (the tying market) and outpatient surgical services (the tied market) — and points to BCBSIL's alleged position in a third market — the one for commercial health insurance. (*See id*. at 31.) This won't work.

As the Supreme Court has unequivocally held, "in *all* cases involving a tying arrangement, the plaintiff must prove that the *defendant* has market power in the tying product." *Ill. Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 46 (2006) (emphasis added). Plaintiff nowhere alleges that BCBSIL is in the tying market, let alone that BCBSIL has power in that market. Instead, Plaintiff concedes just the opposite: that BCBSIL does not participate in the

---

[1] Local Rule 7.1(c) requires a party filing a reply brief to state the exceptional circumstances supporting the reply brief. Plaintiff's Response raised certain arguments relating to the tying claim and "substantial foreclosure" for its exclusive dealing claim that were not specifically addressed in BCBSIL's original memorandum accompanying its Motion to Dismiss. In order to rebut those arguments and provide the Court with a complete discussion of these two issues, BCBSIL submits this short reply. With respect to Plaintiff's Clayton Act and tortious interference claims, BCBSIL rests on the arguments in its Motion to Dismiss, none of which were adequately rebutted by Plaintiff. Counsel for BCBSIL consulted with Plaintiff's counsel, who indicated that he did not oppose the filing of this reply.

tying market for inpatient medical services.  (Opp. at 31.)  Thus there is no way that Plaintiff could either plead or prove what *Illinois Tool Works* requires — that BCBSIL has market power in the tying market.

A defendant's market share in an adjacent market is no substitute for power in the tying market.  *See, e.g., Rick-Mik Enters., Inc. v. Equilon Enters. LLC*, 532 F.3d 963, 971–72 (9th Cir. 2008) (no tying claim where plaintiff fails to allege market power in tying market, even if plaintiff pleads that defendant has market power in some other adjacent market).  Put another way, a defendant, such as BCBSIL, cannot be both the victim of and liable for tying at the same time because it is alleged to hold a significant share of an adjacent market.  Where, as here, the defendant lacks market power in the tying market, the tying claim fails.

Plaintiff's Opposition puts it best.  There is no basis to assert "that BCBS has power in the tying product market" because "BCBS is not even in the tying market."  (*Id*. at 31, 32.)  Therefore, Plaintiff's tying claim against BCBSIL should be dismissed.

## II.     PLAINTIFF HAS NOT ADEQUATELY PLED MARKET FORECLOSURE.

While Plaintiff goes on for pages disputing the correct formulation of the foreclosure pleading requirement, arguing that lost profits can be an appropriate measure of foreclosure and debating whether inpatient medical and outpatient surgical services reimbursed by government payors should be included in the relevant markets, Plaintiff never points to any alleged facts actually indicating that substantial foreclosure has occurred.[2]  The Amended Complaint merely

---

[2]   The cases Plaintiff relies upon in support of its preferred market definition do not change this result; all are either inapposite or lack any precedential authority.  *United States v. United Regional Health Care System*, No. 7:11-cv-00030-O (N.D. Tex. Sept. 29, 2011), is a Department of Justice consent judgment that was not litigated and only binds the parties to that agreement, not the parties or the Court here.  The relevant markets at issue in each of *West Penn v. UPMC*, 627 F.3d 85, 92 n.2 (3rd Cir. 2010), *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, 899 F.2d 951, 975 (10th Cir. 1990), and *United States v. Blue Cross Blue Shield of Michigan*, 809 F. Supp. 2d 665, 672 (E.D. Mich. 2011), were for commercial health insurance and/or health care financing and administration, not medical services.  In the remaining cases cited, the market definition at issue was neither disputed nor considered by the courts.  *See Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 892 (9th

recites that Plaintiff and other competitors have been "substantially foreclosed . . . from commercial health-insurance contracts," without alleging what portion of the outpatient surgical services market has been foreclosed. (Am. Compl. ¶ 58 [Dkt. 13].) *Twombly* and *Iqbal* require more than such formulaic recitations of required elements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (complaint must plead specific facts to ground each claim).

Nor can Plaintiff's assertion that BCBSIL has an alleged share "in excess of 30%" "in the relevant geographic market for health insurance coverage," (Am. Compl. ¶ 48), substitute for the facts needed to plead foreclosure in the outpatient surgical services market. Tellingly, Plaintiff fails to allege that it (or any other outpatient surgical service provider) has been excluded from any other commercial health insurers' networks as a result of those insurers' agreements with SIH. Moreover, even assuming that BCBSIL's alleged 30% market share could serve as a proxy for substantial foreclosure, which it cannot,[3] it is at a level which courts have found "unlikely to be of concern." *Sterling Merch., Inc. v. Nestle, S.A.*, 656 F.3d 112, 123–24 (1st Cir. 2011) (As a rule of thumb, "foreclosure levels are unlikely to be of concern where they are less than 30 or 40 percent, and . . . [such] low numbers make dismissal easy") (internal quotation omitted).

---

Cir. 2008) (parties "do not dispute" alleged market definition); *Rome Ambulatory Surgery Ctr. v Rome Mem'l Hosp.*, 349 F. Supp. 2d 389, 418 (N.D.N.Y. 2004) ("parties do not dispute" relevant market alleged); *Peoria Day Surgery Ctr. v. OSF HealthCare Sys.*, No. 06-1236, 2009 WL 5217344, at *4–6 (C.D. Ill. Dec. 30, 2009) (market definition neither disputed by parties nor discussed by court). At best, any statement of the markets defined in these cases is mere dicta.

[3] *See, e.g., Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57, 67 (1st Cir. 2004) (Blue Cross' alleged market share did not, on its own, prove substantial foreclosure).

3

## **CONCLUSION**

For all the foregoing reasons, as well as those set forth in BCBSIL's Motion to Dismiss, all of Plaintiff's Claims against BCBSIL should be dismissed with prejudice.

Dated: January 22, 2013

Respectfully Submitted,

*s/ James H. Mutchnik, P.C.*

Helen E. Witt, P.C.
James H. Mutchnik, P.C.
Scott M. Edenfield
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

*Attorneys for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company*

## CERTIFICATE OF SERVICE

      The undersigned HEREBY CERTIFIES that the foregoing document was filed via the Court's electronic filing system and thereby served upon all counsel of record on this 22nd day of January, 2013.

                                                    _s/ James H. Mutchnik, P.C._
                                                    James H. Mutchnik, P.C.