IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARION HEALTHCARE, LLC,**

    **Plaintiff,**

vs.            No. 3:12-cv-00871-DRH-PMF

**SOUTHERN ILLINOIS HEALTHCARE,
and HEALTH CARE SERVICE
CORPORATION, d/b/a BLUECROSS
AND BLUESHIELD OF ILLINOIS,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff Marion HealthCare, LLC's ("Marion") motion to strike defendant Health Care Service Corporation, d/b/a BlueCross and BlueShield of Illinois' ("BCBSIL") reply (Doc. 74). Marion argues that BCBSIL's reply brief should be stricken because it both was untimely filed and fails to state exceptional circumstances as required by Local Rule 7.1(c). In response, BCBSIL argues that its reply was timely filed and that it sufficiently articulated the exceptional circumstances that necessitated the reply brief's filing (Doc. 75). For the following reasons, the Court **DENIES** Marion's motion to strike.

Pursuant to Local Rule 7.1(c), reply briefs are to be filed within 14 days of service of the response as calculated according to Federal Rule of Civil Procedure 6. However, as BCBSIL correctly notes, when a party is served via electric means, Federal Rule of Civil Procedure 6(d) affords an extra 3 days to respond. Local Rule

5.1(c) acknowledges this framework, explicitly providing an extra 3 days whenever a document is filed electronically. Marion filed its response on November 25, 2013 via CM/ECF (Doc. 72). BCBSIL 's reply was therefore due on December 12, 2013 before midnight (Central Time). BCBSIL met this deadline, timely filing its reply on December 12, 2013 at 4:57 PM.

Pursuant to Local Rule 7.1(c), **"[r]eply briefs are not favored and should be filed only in exceptional circumstances"** (bold in original). BCBSIL argues that a reply was required because "Plaintiff's Opposition asserts new allegations and raises arguments that were not specifically addressed in BCBSIL's original brief" (Doc. 73 at 1 n.1; Doc. 75 at 2). Specifically, BCBSIL asserts that it "could not have anticipated" these additional allegations because they either were not asserted of were contrary to assertions in the second amended complaint. Finally, BCBSIL argues that Marion misinterpreted and misconstrued various points of law. The Court finds BCBSIL's reasoning sufficient to establish exceptional circumstances.

Accordingly, the Court **DENIES** plaintiff Marion HealthCare, LLC's motion to strike defendant Health Care Service Corporation, d/b/a BlueCross and BlueShield of Illinois' ("BCBSIL") reply (Doc. 74).

**IT IS SO ORDERED.**
Signed this 20th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.20 13:08:42 -06'00'

**Chief Judge**
**United States District Court**