IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARION HEALTHCARE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:12-CV-871-MAB |
| SOUTHERN ILLINOIS HEALTHCARE, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on (1) motions filed by the Defendant, Southern Illinois Healthcare ("SIH") to exclude the expert testimony of John Meindl and Dennis Knobloch pursuant to *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), and Federal Rule of Evidence 702 (Docs. 307 and 309, respectively); (2) a Report and Recommendation from Special Master Stephen Williams on the Motions to Exclude the Testimony of John Meindl and Dennis Knobloch (Doc. 401); and (3) responses and objections to the Report and Recommendation from both Defendant SIH and Plaintiff, Marion Healthcare, LLC ("MHC") (Docs. 423 and 411, respectively).[1]

---

[1] Today, the Court is entering Orders on three separate Reports and Recommendations prepared by the Special Master on three separate motions filed by SIH. Each of SIH's motions and the accompanying Report and Recommendation warrants its own separate Order (*See* Docs. 450 (Memorandum and Order on Summary Judgment); 451 (Memorandum and Order on Motion in Limine as to John Bowblis)). Nevertheless, the analysis of the issues contained in both this Order and the other two entered by the Court today is intertwined and all of the Orders must be viewed in tandem.

MHC experts John Meindl and Dennis Knobloch offered opinions for the same time period (2006-2016) on two separate issues: 1) John Meindl offered opinions on the Fair Market Value (FMV) of MHC's total invested capital (TIC), and 2) Dennis Knobloch offered opinions on the Annual Earnings Before Interest, Tax, and Depreciation and Amortization (EBITDA). Both experts contend that MHC's FMV and EBITDA decreased from 2006 to 2016. They do not offer opinions as to the causes of the decrease.

In its Motions *In Limine* to Exclude the Testimony of Dennis Knobloch and John Meindl, SIH argues that both experts' opinions are irrelevant to the issues of the case and should be excluded (Docs. 309 and 307, respectively). Special Master Williams agrees with SIH and has recommended that because these two experts' opinions are not tied to the theories of the case, their testimony should be excluded (Doc. 401).

In its responses to the Motions *In Limine* and objections to the Report and Recommendation, MHC argues 1) the Motions *In Limine* are inappropriate as this case is set for a bench trial (and there is no need to screen out unreliable opinions at this stage);[2] and 2) the experts' opinions are relevant because not every expert in a case must demonstrate a link between one party's actions and the other's injury, and MHC's causation expert is Dr. Bowblis.[3] Special Master Williams agrees with MHC that the Court could deny SIH's Motions *In Limine* based on *In re Salem*; however, he recommends

---

[2] MHC basis its objection on case law, specifically one case, *In re Salem,* 465 F.3d 767, 776-77 (7th Cir. 2006), which MHC claims stands for the proposition that motions *in limine* are inappropriate at this stage, given the case is set for a bench trial, and there is no need to screen out unreliable opinions.

[3] Similarly, MHC points the Court to one case, *MCI Communications Corp.,* 708 F.2d 1081, 1161 (7th Cir. 1983), which MHC claims supports its claim that not every expert in a case must demonstrate causation.

it would be a waste of judicial resources to not resolve the issue of relevance and whether the experts' opinions are relevant at this stage. Special Master Williams ultimately recommends that none of MHC's experts (including Dr. Bowblis) offered testimony linking damages to SIH's practices and, therefore, all should be excluded.

The Court has concluded that summary judgment in favor of SIH is warranted (Doc. 450) and determined that Dr. Bowblis's damages opinions must be excluded (Doc. 451). MHC clearly argues in its briefing that Dr. Bowblis is plaintiff's retained expert as to causation and "will provide the link between Plaintiff's injury and the unlawful conduct of Defendant." (Doc. 326 at 6). But the Court has concluded that Dr. Bowblis cannot provide that link and that, even when viewing the evidence in the light most favorable to MHC, that summary judgment on the issues causation, injury, and damages is necessary. In light of the Court's Orders today illustrating these findings (Docs. 450-451), SIH's Motions *In Limine* as to the Testimony of John Meindl and Dennis Knobloch (Docs. 307 and 309, respectively) and the accompanying Report and Recommendation (Doc. 401) are **MOOT**.

IT IS SO ORDERED.

DATED: March 31, 2020

                                                      s/ Mark A. Beatty
                                                    **MARK A. BEATTY**
                                                    **United States Magistrate Judge**